UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT and RHONDA GROSS,            :
                                   :
        Plaintiffs,                :
                                   :
    v.                             :  Civil Action No. 05-1818 (JR)
                                   :
UNITED STATES,                     :
                                   :
        Defendant.                 :

**MEMORANDUM**

Pro se taxpayer plaintiffs Brent and Rhonda Gross seek damages from the United States pursuant to 26 U.S.C. § 7433, alleging that, beginning with tax year 1997, the Internal Revenue Service ("IRS) "recklessly, intentionally, or by reason of negligence" disregarded a variety of provisions of Title 26 of the United States Code.  The government moves to dismiss on a number of grounds, among them plaintiffs' failure to exhaust administrative remedies.  The motion is well taken and will be granted pursuant to Fed. R. Civ. P. 12(b)(6).

This case is one of dozens of apparently coordinated (or, if not coordinated, perhaps blog-inspired) pro se complaints recently filed in this court.  Many of these cases have been dismissed for failure to exhaust administrative remedies, see, e.g., Turner v. United States, 429 F. Supp. 2d 149 (D.D.C. 2006)(Bates, J.); Stephens v. United States, 437 F. Supp. 2d 106 (D.D.C. 2006) (Huvelle, J.); Cain v. United States, Civ. No.

06-132, 2006 WL 1890015, (D.D.C. July 10,2006) (Roberts, J.); <u>Lindsey v. United States</u>, Civ. No. 05-1761, 2006 WL 2413720 (D.D.C. Aug. 22, 2006)(Walton, J.), my colleagues differing only about whether a failure to exhaust under 26 U.S.C. § 7433(d)(1) deprives this court of jurisdiction or only means that the plaintiff has failed to state a claim upon which relief can be granted.[1]

The Taxpayer Bill of Rights waives the sovereign immunity of the United States with respect to taxpayer suits for damages if, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision . . . or any regulation" of the tax code.  26 U.S.C. § 7433(a).  However, section 7433(d)(1) further provides that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

The IRS has established by regulation the procedures by which a taxpayer may pursue an administrative claim under section 7433.  <u>See</u> 26 C.F.R. § 301.7433-1.  The regulations require that the taxpayer write to the "Area Director, Attn: Compliance

---

[1] Judge Walton, in <u>Lindsey v. United States</u>, Civ. No. 05-1761, 2006 WL 2413720 at *12-13. (D.D.C. Aug. 22, 2006), stated what I believe to be the correct rule, which is that failure to exhaust is not jurisdictional.

Technical Support Manager" for the area in which the taxpayer resides, id. § 301.7433-1(e)(1), and provide:

> (I) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
>
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
>
> (v) The signature of the taxpayer or duly authorized representative.

Id. § 301.7433-1(e). The regulations provide that a § 7433 action for damages "may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section," 26 C.F.R. § 301.7433-1(a), and suit may not be filed until either the IRS rules on the claim or six months pass without a decision

- 3 -

on a properly filed claim, id. § 301.7433-1(d)(i)-(ii).  The only exception is for administrative submissions made during the last six months of the two-year statute-of-limitations period; a taxpayer may file suit immediately after the administrative claim is submitted in such a circumstance – but the taxpayer must have filed administratively first, id. § 301.7433-1(d)(2).

In their amended complaint, plaintiffs do not aver that they have exhausted their administrative remedies as required by 26 U.S.C. § 7433(d)(1), or that they have filed an administrative claim pursuant to 26 C.F.R. § 301.7433-1.  Rather, they claim to have exhausted their administrative remedies by sending "numerous" written requests "for documents and authorities" to the IRS, receiving either no response or "frivolous responses." Am. Compl. ¶ 9.  They assert that requiring them to comply with IRS regulations by pursuing an administrative claim would "amount to nothing more than futile reexhaustion."  Am. Compl. ¶ 9, 26. They have made no showing of futility, however, and, as Judge Bates has observed in another of these cases, a court may relieve a plaintiff of an exhaustion requirement when the requirement has been judicially created, but not where the exhaustion requirement has been mandated by Congress.  Turner v. United States, 429 F. Supp. 2d 149, 152 (D.D.C. 2006).

Plaintiffs' failure to file the administrative claim that is a prerequisite to relief under 26 U.S.C. § 7433(d)

precludes the relief they seek.  The case must accordingly be dismissed for failure to state a claim upon which relief can be granted.  An appropriate order accompanies this memorandum.


                                        JAMES ROBERTSON
                                   United States District Judge