dismissalUNITED STATES DISTRICT COURT
IN THE DISTRICT OF COLUMBIA

Brent Gross
Rhonda Gross

        Plaintiff(s),

v.

United States (Government)

        Defendant.

No: 1:05-cv-01818(JR)

MOTION TO VACATE
DISMISSAL

Plaintiff requests that the Court vacate its dismissal of the instant matter pursuant to Rule 60(b).

The Government claims that dismissal of the plaintiffs' damages claim is proper under both Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim under which relief can be granted.

The split of authority in this district has been settled; exhaustion of administrative remedies is not a jurisdictional prerequisite. *Martin v. United States*, (D.D.C. 1:05-cv-02506). ("This affirmative defense is thus properly brought through a timely motion to dismiss for failure to state a claim upon which relief can be granted.") citing *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (Feb. 22, 2006); see also *Turner v. United States*, 429 F. Supp. 2d 149, 154 (D.D.C.2006); See *Lindsey v. United States*, No. 05-1765, 2006 U.S. Dist. LEXIS 58657, at *41-43 (D.D.C.) (Feb. 22, 2006).

Citing the Supreme Court in *Arbaugh*, the principles behind Rule 12(b)(1) and Rule 12(b)6) are very different and the consequences are similarly different. 126 Ct. 1244-45, the *Martin* Court reiterated that subject-matter jurisdiction "involves the court's power to

hear a case" and "can never be forfeited or waived." *Arbaugh* at 1244 (citation omitted). Thus it can be raised at any time by any party or by the court *sua sponte*. Whether a plaintiff has stated a claim upon which relief can be granted involves the legal basis of the claim or the relief sought, not the power of the court to hear it. A motion under Rule 12(b)(6) can be waived by failing to make it timely. *Id* at 1240.

"The word 'exhaustion' describes two distinct legal concepts"." *Avocados Plus v. Veneman*, 370 F.3rd 1243, 1247 (D.C. Cir 2004). "Non-jurisdictional exhaustion" is a "judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." *Id*. "Jurisdictional exhaustion," however, occurs when Congress uses its power to control the jurisdiction of the federal courts through administrative requirements. *Id*. The presumption that an exhaustion requirement is non-jurisdictional can only be overcome by statutory language in which Congress "states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision." *Id* at 1248 (quoting *I.A.M. Nat'l Pension Fund Benefit Plan C v. Stockton Tri Indus.* 747 F. 2. D 1204, 1208 (D.C. Cir 1984) (Internal quotation marks omitted). This language must be "sweeping and direct." *Id.* At 1248 (quoting *Weinberger v. Salfi*, 442 U.S. 749, 757 (1975)) )internal quotations marks omitted)

*Arbaugh* reminded the lower courts of these distinctions and cautioned against "driveby jurisdictional rulings" that fail to recognize the differences. *Arbaugh*, 126 S. Ct. At 1242. To asist the courts, the Supreme Court enunciated a rule to be applied.

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then the courts and litigants will be duly

> instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Id* at 1245 (citation omitted). Congress has plainly demonstrated its ability to write clear jurisdictional language into other sections of the Code and has chosen not to do so in §7433. For example, in 26 U.S.C. 7421(a), which states "except as provided [in various sections of the Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed," was previously found by this Circuit to "by its terms den[y] jurisdiction 'to any court' in actions to enjoin the assessment or collection of taxes." *Americans United Inc. v Walters*, 477 F 2d 1169, 1175 (D.D.C.Cir. 1973 (emphasis added); *see also Gardner v. United States*, 211 F. 3d 1305, 1311 ("The District Court must dismiss for lack of *subject matter jurisdiction* any suit that does not fall within one of the exceptions to [§7421(a)]. " (emphasis added)). In addition, 26 U.S.C. §7422(a) contains jurisdictional language, stating that "no suit or preceding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously assessed or collected ... until a claim for refund or credit has been duly filed ... according to the provisions of law in that regard."

The question is should this Court adhere to the cautionary instructions in *Arbaugh* and *Martin v. United States*, (D.D.C. 1:05-cv-02506) that the exhaustion of administrative remedies under TEBOR is non-jurisdictional? While the court in *Martin* opined that the statute is crystal clear that pre-suit exhaustion is a requirement to the maintenance of the suit for damages, it does not address a district court's jurisdiction. Congress must "clearly

state" that "a threshold limitation on a statute's scope shall count as jurisdictional," *Arbaugh,* 126 S. Ct. At 1245, and because jurisdiction is such a fundamental concept, its absence cannot be assumed without a definite expression of congressional intent. Thus, TEBOR is not sufficiently definite under Arbaugh. Therefore a motion to dismiss for lack of subject matter jurisdiction is not available to the court and/or the defendant.

## 12(b)(6)

Rule 12(b)(6) should be employed only when the complaint does not present a legal claim. In the instant matter the complaint complies with the requirements of "Notice Pleading."

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," there is no doubt that petitioners' complaint adequately sets forth a claim and gives the defendant fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. (Cf. Maty v. Grasselli

Chemical Co., 303 U.S. 197); (see also, *Conley V. Gibson*, 355 U.S. 41 (1957), 355 U.S. 41) the ordinary rules for assessing the sufficiency of a complaint apply. See, e.g., *Scheuer v. Rhodes,* 416 U. S. 232, 236 (1974) (When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case.

Thus, a pre-discovery motion for failure to state a claim upon which relief may be granted is premature unless the defendant is able to, *and does*, establish that there is <u>no set of circumstances</u> under which Plaintiff could prevail. Applying that standard in the instant case, this Court has established that there are at least 2 sets of circumstances under which a Plaintiff proceeding under 26 USC § 7433 could prevail in the absence of administrative exhaustion: IRS' clear articulation of refusal to reconsider a position, *citing Etelson v. Office of Pers. Mgmt.,* 684 F.2d 918, 925 (D.C. Cir. 1982), and agency bias, *McCarthy v. Madigan,* 503 U.S. 140, at 148-9.

### AFFIRMATIVE DEFENSE MUST BE PROVEN

As recognized in *Martin*, "failure to state a claim" is an "affirmative defense". In order to prevail on an affirmative defense, the defense must be proven. Under the "no set of circumstances" standard, the defendant must prove that IRS is and has been willing to reconsider positions, and/or that IRS is not biased.

### CONCLUSION

Failure to exhaust administrative remedies is not a grounds upon which the court may dismiss the instant matter. Dismissal under Rule 12(b)(1) should be VACATED.

Dismissal under 12(b)(6) is premature and should be held until after discovery. As pointed out above liberal opportunity for discovery and the other pretrial procedures established by the Rules will disclose more precisely the basis of both claim and defense and will define more narrowly the disputed facts and issues. Additionally, because administrative remedies are an option, they are not a prerequisite to filing suit. Dismissal under 12(b)(6) is not an option.

Therefore, for the above reasons defendants' motion to dismiss under 12(b)(1) is ineffective and cannot be granted. For the above reasons defendants' motion to dismiss pursuant to 12(b)(6) is not only unavailable it is also untimely and cannot be granted.

The Court committed reversible error by dismissing upon the aforementioned grounds.

Therefore, the Court has no choice but to vacate its order dismissing this matter,

Respectfully,

Dated November 30, 2006

_____
Brent Gross
12098 Silver Lake RD
Brighton, MI 48116

_____
Rhonda Gross
12098 Silver Lake RD
Brighton, MI 48116

On the above inscribed date before the undersigned, a Notary Public for the State of Michigan, personally appeared, Brent Gross, Rhonda Gross known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that the facts herein are true according to his/her/their best knowledge and belief and that he/she/they executed the same as his/her/their free act and deed.



_Stephanie R. Borg_
Notary, State of Michigan

STEPHANIE R. BORG
Notary Public, Oakland County, Michigan
Acting in Oakland County
My Commission Expires December 8, 2012

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Jennifer L. Vozne
Pat Ginis
Beatriz T. Saiz
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _November 30_, 2006

_Brent Gross_
Brent Gross